[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13908
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 07-00404-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAURICE LAMAR PRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 1, 2009)

Before EDMONDSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

Laurice Lamar Price appeals his 188-month sentence for drug offenses, in violation of 21 U.S.C. § 841(a)(1). No reversible error has been shown; we affirm.

On appeal, Price argues that his sentence substantively is unreasonable because it is greater than necessary to comply with the statutory purposes of sentencing. He contends that the district court focused too heavily on the guidelines range and Price's criminal history and failed to explain why it rejected the mitigating factors offered by Price in support of a lower sentence.

We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Price's 188-month sentence -- at the low end of the guidelines range -- is reasonable. See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). Price's sentence is below the 20 and 40-year statutory maximum sentences he faced. See 21 U.S.C. § 841(b)(1)(B), (C); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). And the district court considered the nature of Price's offense and his history and characteristics -- including that he sold drugs to support his own drug addiction and that he had a steady and extensive criminal history -- in determining that a guidelines sentence was appropriate. See 18 U.S.C. § 3553(a)(1). The court also stressed a guidelines sentence (1) would serve as a deterrent, given Price's many previous lenient sentences in state court, probation violations, and continued drug dealing and addiction; (2) would serve to protect the community; and (3) would allow Price to get the necessary drug treatment and job training so that he would not have to sell drugs when he got out of prison. § 3553(a)(2)(B)-(D).

These reasons are supported by the record. Price had over 10 arrests in state court in the 10 years before the instant offense, for which he received lenient sentences and repeatedly failed to conform to the terms of his probation. While his

drug arrests involved small amounts of drugs and were usually only for possession, he also had several arrests for eluding police officers, giving a false name to officers, and resisting arrest, including an incident where he drove recklessly and endangered others. And Price admitted that he sold drugs to support his drug addiction. Thus, Price's behavior reflected the need for his sentence to deter him, to protect the public, and to provide him with the opportunity to obtain treatment.

Contrary to Price's arguments on appeal, the record plainly demonstrates that the district court considered the mitigating factors Price offered in support of a lower sentence. The court considered Price's arguments set forth at sentencing and noted that it was "troubling" that Price was subjected to such a high guidelines range based on the relatively small amounts of drugs involved in both the instant offense and in Price's prior drug convictions that qualified him as a career offender (and caused his guidelines range to increase dramatically). But the court thought that, despite the harsh result of the career offender designation, Price's extensive criminal history, previous opportunities to pursue drug treatment and failure to do so, and the need to protect the community from Price's behavior did not warrant a sentence below the guidelines. The court clearly considered the section 3553(a) factors and did not focus solely on the guidelines range or Price's criminal history in sentencing Price.

4

Based on the factors outlined in section 3553(a) and our review of the record, we conclude that Price has not carried his burden of showing that his sentence is unreasonable.

AFFIRMED.